IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DALE A. TORREZ,**

       **Plaintiff,**

v.                          **No. CIV-13-0336 WJ/LAM**

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

       **Defendant.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 18)* and memorandum brief in support of the motion [*Doc. 18-1*], both filed August 19, 2013. On September 30, 2013, Defendant filed a response to the motion [*Doc. 19*], and, on October 24, 2013, Plaintiff filed a reply [*Doc. 20*] and notice of completion of briefing [*Doc. 21*]. United States District Judge William P. Johnson referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 15*]. The Court has reviewed the motion, response, reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 8*]. For the reasons set forth below, the Court recommends that *Plaintiff's Motion to Reverse or Remand Administrative Agency Decision*

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

*(Doc. 18)* be **GRANTED** and the decision of the Commissioner of Social Security (hereinafter "Commissioner") be **REMANDED**.

## I.   Procedural History

On December 1, 2009, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB"), alleging that he became disabled on April 14, 2009.  *See* [*Doc. 8-3* at 14] and [*Doc. 8-7* at 22].[2]  Plaintiff stated that he became disabled due to herniated discs and back pain, and that he could not stand, bend or lift.  [*Doc. 8-7* at 22].  The application was denied at the initial level on January 29, 2010 (*Doc. 8-5* at 2-5) and at the reconsideration level on June 4, 2010 (*id.* at 8-10).  Pursuant to Plaintiff's request (*id.* at 12), Administrative Law Judge Ben Willner (hereinafter "ALJ") conducted a hearing on November 22, 2011 (*Doc. 8-3* at 27-49).  At the hearing, Plaintiff was present, but was not represented by counsel, and testified.  *Id.* at 29, 32-41, 43-44, and 47-48.  Vocational Expert (hereinafter "VE"), Judith A. Beard, was also present and testified.  *Id.* at 29 and 39-48.

On December 30, 2011, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 8-3* at 14-22].  On January 3, 2012, Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 10), and, on January 18, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 4-6), which made the ALJ's decision the final decision of the Commissioner.  On April 9, 2013, Plaintiff filed his complaint in this case.  [*Doc. 1*].

---

[2] Plaintiff's application was not included as part of the administrative record.

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted). While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a).  In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that:  (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."  20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on September 27, 1964.  [*Doc. 8-3* at 32].  Plaintiff has worked as a maintenance mechanic.  [*Doc. 8-7* at 23].  Plaintiff alleges that he is unable to work because of "[h]erniated disks [sic] unsuccessful with standing [sic] bend lifting" and "constant back pain, unable to work due to the pain."  *Id.* at 22.  Plaintiff's medical records document treatment and records from: Anthony P. Reeve, M.D.; Adobe Medical; R.E. Pennington, M.D., Ph.D.; Karen Balkman, M.D.; Eastern New Mexico Medical Center; Industrial Rehabilitation Clinics; New Mexico Orthopaedics New Mexico Spine; Christopher P. Patton, D.O. (*Docs. 8-10*, *8-11*, *8-12*, *8-13*, *8-14*, *8-15*, *8-16*, *8-17*, *8-18*, *8-19*, *8-20*, *8-21* and *8-22*); and Lovelace Medical Center (*Doc. 8-23*).  Plaintiff's medical records also include: Examining Physician's Statement for Application of Disability Benefits by K. Balkman, M.D., dated April 24, 2009 (*Doc. 8-9* at 6-8); a Functional Capacity Evaluation by Melinda Robson, PT, dated March 24, 2009 (*id.* at 9-20); a Physical Residual Functional Capacity Assessment by Mark A. Werner, M.D., dated January 21, 2010 (*Doc. 8-22* at 2-9); and a Case Analysis by Eileen M. Brady, M.D., dated June 4, 2010 (*id.* at 34).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 14, 2009, the alleged onset date.  [*Doc. 8-3* at 16].  At step two, the ALJ found that Plaintiff has the following severe impairments: "coronary artery disease, hypertension, degenerative disc disease, and obesity."  *Id.*  At the third step, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).  *Id.* at 16-18.

Before step four, the ALJ determined that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff "should only occasionally climb ramps and stairs; he can occasionally stoop, kneel, crawl, and crouch, but he must never be required to balance in a work setting," and that Plaintiff "must never be required to climb ladders, ropes, or scaffolds," and "is limited to work that does not require overhead reaching."  *Id.* at 18. In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms, and [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are credible to the extent they are consistent with the [ALJ's RFC] assessment."  *Id.* at 19.  The ALJ noted that Plaintiff had received unemployment benefits from July 2010 through the date of the hearing and had been looking for work, and, therefore, the ALJ concluded that "[b]y drawing unemployment benefits, and looking for work, [Plaintiff] has represented himself as ready, willing, and able to work," and that Plaintiff "testified that he believed that he could perform a light job, if one was offered to him."  *Id.*  The ALJ stated that he agreed with the state agency assessment that assigned Plaintiff an RFC for light work, and that he gave great weight to the opinion of Dr. Werner who completed this assessment.  *Id.* at 19-20 (citing *Doc. 8-22* at 2-9).  The ALJ stated that his RFC assessment is supported by Plaintiff's treating physician's belief that Plaintiff could perform light work.  [*Doc. 8-3* at 20] (citing *Doc. 8-22* at 53-55).  At step four, the ALJ found

that Plaintiff was unable to perform any past relevant work, so the ALJ proceeded to the fifth step. [*Doc. 8-3* at 20].

At the fifth and final step, the ALJ noted that Plaintiff was born on September 27, 1964 and was 44 years old at the time of his alleged disability onset date, which is defined as a younger individual. *Id.* The ALJ further noted that Plaintiff has at least a high school education and is able to communicate in English. *Id.* The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* at 21. The ALJ stated that the VE was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and RFC as Plaintiff, and which require skills acquired in Plaintiff's past relevant work but no additional skills, and the VE testified that the representative occupations such an individual could perform include: maintenance and hardware sales, cashier, and assembler. *Id.* The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V. Analysis

Plaintiff contends that the ALJ erred by: (1) failing to properly consider two opinions by his treating physician (*Doc. 18-1* at 10-14); (2) failing to properly assess Plaintiff's credibility (*id.* at 14-16); and (3) improperly relying on the VE's testimony because it was inconsistent with the Dictionary of Occupational Titles (*id.* at 17-21). Plaintiff asks the Court to reverse and remand

his case for a rehearing. [*Doc. 18*]. Defendant disputes Plaintiff's contentions and argues that the ALJ properly considered the medical evidence and Plaintiff's credibility, and that the ALJ did not err in relying on the VE's testimony. [*Doc. 19* at 5-12].

### A.   **The ALJ's Consideration of Plaintiff's Treating Physician's Opinions**

Plaintiff first contends that the ALJ erred in his consideration of the opinions of Plaintiff's treating physician, Dr. Balkman, for the following reasons: (1) the ALJ failed to consider two of the three opinions provided by Dr. Balkman; (2) the ALJ ignored a key aspect of the only opinion by Dr. Balkman that he did consider; (3) the ALJ failed to address the evidence that was materially inconsistent with his decision; and (4) the ALJ failed to apply the treating physician rule. [*Doc. 18-1* at 12-14]. Plaintiff notes that Dr. Balkman provided the following opinions: (1) that Plaintiff "'required intermittent treatment, injections, as he feels some days the back will be worse; he cannot get out of bed'" (*id.* at 12, citing *Doc. 18-11* at 16); (2) that Plaintiff could return to "'light-medium duty'" work involving "'no prolonged standing or walking'" (*Doc. 18-1* at 12, citing *Doc. 8-13* at 12); and (3) that Plaintiff's lumbar disc herniation causes "'pain with prolonged standing in (his) right leg and low back,'" that Plaintiff could lift no more than 25 pounds, could not bend forward to lift, and could perform work at a level consistent with light work that permitted "'frequent position changes'" (*Doc. 18-1* at 13, citing *Doc. 8-9* at 6-8 and *Doc. 8-22* at 53-54). Plaintiff contends that the ALJ did not consider these opinions other than noting that that Dr. Balkman released Plaintiff to light duty work. *See* [*Doc. 18-1* at 13] (citing *Doc. 8-3* at 20). However, Plaintiff contends that the ALJ ignored Dr. Balkman's handwritten limitation to

"frequent position changes" in order to perform such work.  *See* [*Doc. 18-1* at 13] (citing *Doc. 8-22* at 54).

Defendant, however, contends that the ALJ did not err in his consideration of Dr. Balkman's opinions because those opinions were not inconsistent with the ALJ's finding that Plaintiff could perform light work.  [*Doc. 19* at 5-8].  Defendant notes that Dr. Balkman's treatment note that Plaintiff's back pain was so bad he could not get out of bed some days was made three years before Plaintiff's application for disability benefits.  *Id.* at 6.  Defendant further contends that, even though Dr. Balkman opined that Plaintiff should be limited to work that does not require prolonged standing or walking and requiring frequent position changes, Dr. Balkman still released Plaintiff to light work, which is consistent with the ALJ's RFC determination.  *Id.* at 6-7.  Defendant, therefore, contends that the ALJ did not reject Dr. Balkman's opinion and that "[i]t is clear that the ALJ gave weight to Dr. Balkman's opinion."  *Id.* at 8.

When "evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct."  *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir.2007).  First, the ALJ "should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record."  *Pisciotta*, 500 F.3d at 1077 (citations omitted).  If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight."  If, however, the treating physician's opinion is not entitled to controlling weight, "the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight."  *Id.*

When a treating physician's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length of treatment and frequency of examination, and the nature and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's specialization in the medical field upon which an opinion is given; and other factors tending to support or contradict the opinion.  *See* 20 C.F.R. § 404.1527(c).  Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citations and internal quotation marks omitted).

Here, the ALJ's only reference to Dr. Balkman's opinions is his statement that his RFC determination "is supported by [Plaintiff's] own treating physician's belief that [Plaintiff] could perform light duty work."  [*Doc. 8-3* at 20] (citing *Doc. 8-22* at 53-55).  The ALJ, however, failed to discuss Dr. Balkman's opinions that: (1) Plaintiff "required intermittent treatment, injections, as he feels some days the back will be worse; he cannot get out of bed" (*Doc. 18-11* at 16); (2) Plaintiff could return to "light-medium duty" work involving "no prolonged standing or walking" (*Doc. 8-13* at 12); and (3) Plaintiff's lumbar disc herniation causes "pain with prolonged standing in (his) right leg and low back," that Plaintiff could lift no more than 25 pounds, could not

bend forward to lift, and could perform work at a level consistent with light work that permitted "frequent position changes" (*Doc. 8-22* at 53-54).  These opinions are not taken into account in the ALJ's RFC determination and they conflict with the ALJ's finding that Plaintiff can perform light work.  *See* SSR 83-10, 1983 WL 31251 at *6 (explaining that "light work" requires standing or walking, off and on, for approximately 6 hours out of an 8-hour workday); *see also* 20 C.F.R. § 404.1567(b) ("[A] job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.").  The ALJ's failure to state whether he found that these opinions are well supported by medically acceptable clinical and laboratory diagnostic techniques, and whether they are consistent with the other substantial evidence in the record, is in error.  Defendant's attempt to supply the ALJ's reasoning for failing to discuss these opinions is an impermissible *post hoc* rationalization.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact) (citation omitted).  In addition, the ALJ's failure to state what weight he gave to these opinions is also in error.   The Court finds that the ALJ erred in failing to address all of Dr. Balkman's opinions and in failing to state specifically the weight given to these opinions, and, therefore, this case should be remanded for the ALJ to consider all of Dr. Balkman's opinions in compliance with the legal requirements of *Pisciotta*, 500 F.3d at 1077, and 20 C.F.R. § 416.927(c).

## B.   Plaintiff's Remaining Claims

Plaintiff also contends that the ALJ erred by failing to properly assess Plaintiff's credibility (*Doc. 18-1* at 14-16) and by improperly relying on the VE's testimony because it was inconsistent with the Dictionary of Occupational Titles (*id.* at 17-21).  Because the Court has found that this case should be remanded so that the Commissioner can properly consider Plaintiff's treating physician's opinions, Plaintiff's RFC may be amended on remand, so the Court finds that it is unnecessary to reach Plaintiff's remaining claims because they may be affected by the ALJ's findings on remand.  *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 2010 WL 1172610, 371 Fed. Appx. 887, 889 and 892 n.6 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that *Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 18)* be **GRANTED** as set forth above, and the decision of the Commissioner be **REMANDED** for further proceedings consistent with this opinion.

_____
**THE HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**